UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 DEC 12 PM 2:20

| | |
|---|---|
| RONALD GRANDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00450 |
| ) | |
| LUDLOW HEALTH CENTER and ) | |
| RUTLAND MENTAL HEALTH SERVICES, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER
GRANTING PLAINTIFF'S MOTION TO DISMISS
LUDLOW HEALTH CENTER, DENYING AS MOOT UNITED
STATES' MOTION TO SUBSTITUTE AND DISMISS AND RUTLAND MENTAL
HEALTH SERVICES' MOTION FOR HEARING, AND REMANDING CASE**
(Docs. 5, 7, 10, 54, 55)

On September 29, 2023, the United States removed Plaintiff Ronald Grande's action originally filed in Vermont state court to this court and subsequently moved to substitute itself for Defendant Ludlow Health Center ("LHC") and to dismiss the claims against it for lack of subject matter jurisdiction. (Docs. 1, 5.) Plaintiff alleges that Defendants LHC and Rutland Mental Health Services ("RMHS") were negligent in the provision of medical care to Plaintiff and he seeks $900,000 in damages. (Doc. 12.) In October and November, Plaintiff, representing himself, moved to dismiss Defendant LHC as a party. (Docs. 7, 54, 55.) Defendant RMHS has moved for a status conference which Plaintiff opposes. (Docs. 10, 50.)

**I.    Procedural History.**

On June 5, 2023, Plaintiff filed a Complaint against LHC and RMHS in the Vermont Superior Court, Rutland Unit, Civil Division. On August 14, 2023, RMHS moved to dismiss Plaintiff's claims against it. On September 12, 2023, the state court granted the motion because Plaintiff failed to include the required certificate of merit and

ordered him to show cause why it should not dismiss all claims against all defendants without prejudice to his right to refile a properly supported complaint.

On September 29, 2023, the United States removed the case to this court asserting that substitution is proper because LHC is an approved service delivery site of Springfield Medical Care Systems, Inc., which has been deemed to be an employee of the Public Health Service ("PHS"). As a result, because LHC was acting in the scope of its employment when the services at issue were provided to Plaintiff, the United States may be substituted as the defendant. Upon substitution, the United States requests the court dismiss the action as against it for lack of subject matter jurisdiction. (Doc. 5.)

Following removal of the case, on October 10, 2023, RMHS filed a motion for a status conference to address the procedural posture of the case. RMHS contends that "there are no remaining claims against" it. (Doc. 10 at 2.) On November 6, Plaintiff filed a response requesting the court "find that this case is one of those rare instances where a certificate [o]f merit is not required and[,] therefore, there is no need for a Status Conference[.]" (Doc. 50 at 2) (emphasis omitted).

Plaintiff initially moved to dismiss Defendant LHC on October 6, 2023, and no party opposed the motion. On November 22 and November 27, 2023, Plaintiff then filed additional motions to dismiss Defendant LHC and seeking to "move forward toward a default judgment" against RMHS or "[a]lternatively, the court may send the case against [RMHS] back" to state court. (Doc. 54 at 1) (capitalization and emphasis omitted).

## II.     Plaintiff's Motions to Dismiss.

Plaintiff seeks to have Defendant LHC dismissed from his action. (Docs. 7, 54, 55.) Under Federal Rule of Civil Procedure 21, "[o]n motion . . . the court may, at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. No party has opposed Plaintiff's motion. Plaintiff's motion to dismiss LHC (Doc. 7) is GRANTED. Plaintiff's subsequent motions seeking the same relief (Docs. 54, 55) are DENIED AS MOOT.

## III.    United States' Motion to Substitute and to Dismiss.

The United States moves to substitute itself as Defendant in the place of LHC and to dismiss Plaintiff's claims against the United States. The United States asserts that LHC

is an entity deemed to be an employee of the of the PHS such that Plaintiff's claims against it are subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2672. Because the court has granted Plaintiff's motion to dismiss Defendant LHC, the motion of the United States to substitute and to dismiss (Doc. 5) is DENIED AS MOOT.

## IV.     Subject Matter Jurisdiction over Plaintiff's Remaining Claims.

"Federal courts are courts of limited jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), with "an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). Thus, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 53 (2d Cir. 1996) (observing that courts may raise jurisdictional defects in removal cases sua sponte), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016).

Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). Under 28 U.S.C. § 1447(c), if a "district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff's case was removed to this court on the basis of his claim against LHC which the United States asserted constituted a federal claim against it. LHC is no longer a party to this case. As a result, there is no federal question jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

For the court to exercise diversity jurisdiction, 28 U.S.C. § 1332 requires that the amount in controversy in the case exceeds $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

3

Because Plaintiff and RMHS are Vermont citizens, diversity of citizenship is lacking and the court cannot exercise diversity subject matter jurisdiction. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants").

As the court lacks subject matter jurisdiction, the case must be remanded to Vermont Superior Court pursuant to 28 U.S.C. § 1447(c). *See Koehler v. Cortland Mem. Hosp.*, 65 F. Supp. 2d 103, 106–107 (N.D.N.Y. 1999) (remanding case following substitution of United States and dismissal of FTCA claim). As a result, Defendant RMHS's motion for a status conference (Doc. 10) is DENIED AS MOOT and the court will not adjudicate the remaining pending motions but will remand the case to Vermont Superior Court.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to dismiss Defendant LHC (Doc. 7) is GRANTED and his subsequent motions (Docs. 54, 55) are DENIED AS MOOT. Plaintiff's claims against Defendant LHC are DISMISSED without prejudice. The United States motion to substitute and to dismiss (Doc. 5) and Defendant RMHS's motion for a status conference (Doc. 10) are DENIED AS MOOT.

The remainder of this action, including the remaining pending motions, is REMANDED to Vermont Superior Court, Rutland Unit.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of December, 2023.

Christina Reiss, District Judge
United States District Court